IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| In Re: | ) | Bankruptcy Case No.: 08-20005 |
| --- | --- | --- |
|  | ) |  |
| Highlands Cable Group, LP | ) | Chapter 11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In Re: | ) | Bankruptcy Case No.: 08-20006 |
|  | ) |  |
| The Cable Group, LLC, | ) | Chapter 11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In Re: | ) | Bankruptcy Case No.: 08-20007 |
|  | ) |  |
| Ninian U. Bond, | ) | Chapter 11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**MEMORANDUM OF LAW OF NORTHLAND CABLE TELEVISION, INC. IN SUPPORT OF ITS MOTION TO MODIFY STAY PURSUANT TO 11 U.S.C. §362**

Northland Cable Television, Inc., ("Northland"), a party in interest and creditor of the Debtors, submits this Memorandum of Law in support of its Motions for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) to allow trial between Northland and the Debtors to proceed as scheduled on February 4, 2008.  Northland has filed Motions for Relief from Stay in three cases: In re Highland Cable Group, LP, Case No. 08-20005; In re Cable Group, LLC, Case No. 08-20006; and In re Ninian U. Bond, Case No. 08-20007.  Because each Debtor is a co-defendant in a pending state court action, the issues of law and fact are the same for all three parties.  Therefore, Northland

submits this memorandum of law in support of its motion in each case. Sufficient cause exists under law and equity to modify the stay.

## INTRODUCTION

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157 and this matter is a core proceeding. The Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 23, 2008. Northland Cable is the holder of a disputed and unliquidated claim against the Debtors. A trial is peremptorily set between the parties on February 4, 2008, in Superior Court in Macon County, North Carolina. The Superior Court has repeatedly sanctioned the Debtors for attempting to delay and hinder Northland from obtaining discovery and reaching a final hearing on all matters in the case. The parties have been in litigation since 2003, and February 4, 2008 is the date of a pending jury trial in the matter to resolve all remaining issues.

## FACTUAL BACKGROUND

Northland Cable Television, Inc., ("Northland") is a company engaged in the business of providing cable television programming to the Town of Highlands and Macon County, North Carolina. On August 27, 2003, Northland filed a Complaint against Highlands Cable Group, LLC ("LLC"), alleged to be in the business of providing cable television programming in the same service area, and Ninian U. Bond ("Bond"), the Managing Member of the LLC. Attached as Exhibit A. Northland's claims include allegations of inference with personal property, conversation, trade disparagement, and unfair and deceptive trade practices. The majority of the claims stemmed for allegations that LLC and Bond were moving, using, and/or dismantling Northland's cable system in

order to sabotage Northland's competing business interests and further its own. On August 31, 2005, the Court granted Northland's motion to amend to include Highlands Cable Group, LP ("LP") as a party, finding that although the LLC and Bond answered previous discovery as if it were the entity responsible for the operation of the cable company, it is unclear which entity in fact is the responsible party.

Even after receipt of Northland's complaint, despite government regulations prohibiting such action, and in apparent disregard for the public safety, the LLC, Bond, and the LP (collectively referred to "the Debtors"), continued to unabashedly relocate and appropriate Northland's aerial cable, wires and associated appliances. On November 20, 2003, Northland was forced to petition the Court for a Temporary Restraining Order. Attached as Exhibit B. On November 21, 2003, the Court granted Northland's motion, in part, and ordered LLC and Bond to immediately cease and desist from touching any equipment or property owned or used by Northland. Attached as Exhibit C. On December 5, 2003, by Consent Supplemental Order, the Temporary Restraining Order was extended until such time as the parties or the Court requested. Attached as Exhibit D. To date, the Temporary Restraining Order remains in effect.

In preparation of trial, a survey was conducted in which it was discovered that the Debtors continue to remove, relocate, disconnect and steal Northland's property in order to gain a business advantage. Specifically, the Debtors have cut Northland's wires, spliced their drop wire to Northland's underground wire, and converted it to their own use. Because the Debtors made the effort to rebury Northland's spliced wire, it is believed that Debtors have used Northland's underground wire not only to save themselves the cost and time required to provide a separate drop for each connection,

but also to evade detection in light of the Temporary Restraining Order.  By reason of the matters set forth above, as more fully enumerated in the forthcoming affidavit of Marty Mashburn, Northland continues to suffer immediate and irreparable harm.  Affidavit to be attached as <u>Exhibit E</u>.

Since Northland filed its complaint four and half years ago, the Debtors have engaged in a pattern and practice of intentional delay and the flagrant and willful disregard of the Rules of Civil and Appellate Procedure, Orders of the Court, and the general standards of practice and fairness.  Because of Debtors' callous and willful contempt of authority, Northland has been forced to seek a Restraining Order and has filed six Motions to Compel Discovery, and four Motions to Show Cause Why Defendants Should Not be Held in Contempt of Court.  In response, the Court has assessed attorney's fees totaling in excess of twenty-nine thousand dollars ($29,000) and struck Debtors Counterclaim and Answer.  See attached <u>Exhibits F through L</u>.  On December 19, 2006, the Court of Appeals upheld the sanctions against Cable Group, LLC ("LLC"), and Ninian U. Bond ("Bond"), the Managing Member of the LLC.  Attached as <u>Exhibit M.</u>  The only matter pending in regards to Bond and the LLC is the amount of damages to be awarded Northland.  The Court of Appeals overturned the state court's ruling regarding the newly admitted Highlands Cable Group, LP.

This case has been scheduled for trial on five separate occasions.  Each time, the Debtors achieved delay by creating a new obstacle.  The most recent trial date, peremptorily set, is February 4, 2008.  Northland is ready to try this case.  The Debtors have had ample time to prepare.

**ARGUMENT**

I.    Cause exists under 11 U.S.C. §362(d)(1) to modify the automatic stay

The automatic stay operates to prevent litigation against the debtor from continuing in another forum. A court may modify, however, the automatic stay for cause. "Occasionally . . . there will be good reason to permit litigation of a claim to go forward in another forum, such as where . . . the proceedings are so extensive or so far advanced that to require the parties to start over again in bankruptcy court would be unreasonable." In re Dorris, 2005 Bankr. Lexis 282, 5, Case No. 03-15025-SSM (Bankr. E.D. Va. 2005). Relief from the stay may be granted "when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial." Lawrence P. King, Collier on Bankruptcy 362.07[a][3] (15th ed.). "Because the Code provides no definition of what constitutes cause, courts must determine when discretionary relief is appropriate on a case-by-case basis." In re Robbins, 964 F.2d 342, 345 (4th. Cir. 1992). Courts have further noted it will often be more appropriate to "permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Robbins at 345.

In deciding whether to lift the stay, the Court must balance prejudice to the debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. Id.. In Robbins, the Court considered the following factors in deciding whether to lift the stay: (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is

5

unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. Id.. See also, In re Mac Donald, 755 F.2d at 717 (9th. Cir. 1985); In re Holtkamp, 669 F.2d 505, 508-09 (7th. Cir. 1982); In re Revco D.S., Inc., 99 Bankr. 768, 776-77 (N.D. Ohio 1989); In re Pro Football Weekly, Inc., 60 Bankr. 824, 826-27 (N.D. Ill. 1986); Broadhurst v. Steamtronics Corp., 48 Bankr. 801, 802-03 (D. Conn. 1985).

Each factor favors the lifting the stay to allow the state court action to be completed in the present case. First, the issues in the pending litigation involve only state law, and no bankruptcy expertise is necessary. Northland's claims involve trespass to personal property and unfair and deceptive trade practices by the Debtors. Unfair and deceptive trade practice is a statutory claim under North Carolina law. Trespass is a common law action. Neither claim involves an area of specialty of the bankruptcy court, such as priority or lien status. Second, judicial economy strongly favors lifting the stay to allow the litigation to continue. Because Northland's claim is unliquidated, it must be liquidated by trial in either state court or bankruptcy court. The liquidation of the claim will be more conveniently and speedily determined in the state court matter. The parties have been litigating the claim since 2003. Superior Court Judge James U. Downs peremptorily set the jury trial in October 2007. In less than two weeks, the claim is scheduled to be liquidated by a jury in state court. If the stay is not lifted, then litigation over the claim will reopen in bankruptcy court, and it will interfere

6

with the efficient resolution of the bankruptcy case. Given the advanced stage of the state court litigation, it would be unfair to ask Northland to begin again in this Court at significant and duplicative expense.

In addition, it will be less expensive for the parties, including the Debtors, to litigate the claim in state court. The Debtors have three attorneys of record in the state court litigation, and are one week from trial. Debtors' bankruptcy counsel will have to become familiar with the evidence in the case and become versed in North Carolina law governing those issues. Therefore, it will likely cost the debtor more to litigate the claim in bankruptcy court, reducing the amount available to its creditors.

Third, the Estate will be protected by a requirement that creditors seek enforcement of any judgment through the Bankruptcy Court. Unlike a foreclosure, a judgment in the state court litigation will not alter the property of the debtor. The Debtors claim to own no real property, so the judgment would not attach to the property of any of the Debtors without further proceedings by Northland. Northland agrees that its liquidated judgment would be a claim in the Bankruptcy Court, and its claim would be filed and satisfied in the Bankruptcy Court.

Fourth, Northland has probability of success on the merits of the pending litigation. This is demonstrated by the trial court already finding two of the debtors, The Cable Group, LLC, and Ninian Bond, liable and the only issue remaining as those two debtors is damage calculations. Northland intends to prove that the Highlands Cable Group, LP, is merely an alter ego of the other debtors and is therefore liable for the same damages.

WHEREFORE, Northland prays for entry of an Order for relief against the Debtors under §362(d)(1) and for such other relief as this Court deems just.

Respectfully Submitted,

THIS the 24th day of January, 2008.

        VAN WINKLE, BUCK, WALL,
        STARNES AND DAVIS, P.A.

By: s/ Mark A. Pinkston
    Mark A. Pinkston
    NC State Bar No. 16789
    Armistead M. Long
    NC State Bar No. 35716
    Attorneys for Creditor
    11 North Market Street
    Post Office Box 7376
    Asheville, NC 28802
    Telephone (828) 258-2991
    Facsimile (828) 257-2767